# WALKER *v.* COLLINS.

**ERROR TO THE COURT OF APPEALS FOR THE EIGHTH CIRCUIT.**

No. 59. Argued and submitted March 3, 1897. — Decided May 10, 1897.

*Chappell* v. *Waterworth*, 155 U. S. 102, affirmed to the point that a case not depending on the citizenship of the parties nor otherwise specially provided for, cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's own statement; and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings.

THE case is stated in the opinion.

*Mr. W. E. Brown* for plaintiffs in error.

*Mr. A. P. Jetmore* for defendants in error. *Mr. C. S. Bowman* and *Mr. Charles Bucher* were on his brief.

MR. JUSTICE WHITE delivered the opinion of the court.

The action below was commenced in April, 1890, in the District Court of Harvey County, Kansas, by Collins and Bretch, to recover damages from the present plaintiffs in error for an alleged unlawful seizure of goods and chattels, the property of the plaintiffs. In their answer the defendants averred that during the times mentioned in the complaint the defendant Walker was the marshal of the United

States for the District of Kansas, and the other defendants were his deputies, and that the seizure complained of was made under the authority of an order of attachment issued out of the Circuit Court of the United States for the District of Kansas, in an action therein pending, in which E. H. Van Ingen & Co. were plaintiffs and H. Cannon was defendant, and it was averred that the goods were liable to be seized by virtue of said order of attachment as the property of said Cannon. Thereafter the defendants made application for the removal of the cause into the Circuit Court of the United States for the District of Kansas, upon the ground that the action and the defence thereto arose under the laws of the United States. The application was denied, but subsequently, on application of the plaintiffs, the court reconsidered its decision, rescinded its former action, and allowed the application, the order entered reciting " the plaintiffs interposing no objection thereto."

On June 4, 1890, after the removal of the cause into the Federal court, a motion was filed by the attorneys for plaintiffs to remand the cause to the District Court of Harvey County, Kansas, for the reason that the record and petition for removal showed no sufficient ground for such removal, and that the record and petition did not set up and show sufficient facts and allegations to give the Federal court jurisdiction over the cause by removal. The record does not show that any action was taken by the court upon this motion.

A judgment recovered by the plaintiff was reversed by the Circuit Court of Appeals for the Eighth Circuit. 4 U. S. App. 406. Upon a second trial, in November, 1892, the plaintiff again recovered judgment, which, on error, was affirmed by the appellate court. 19 U. S. App. 307. A writ of error was allowed, the cause was brought to this court, and it is now sought to obtain a reversal of the judgment of affirmance rendered by the Circuit Court of Appeals.

Various specifications of error are assigned in this court. We need, however, only consider the first specification discussed in the brief of counsel for the plaintiff in error, to wit,

that the Circuit Court and Circuit Court of Appeals were without jurisdiction over the controversy, and the judgments rendered were erroneous, by reason of the fact that the cause was improperly removed from the state court. This objection must be sustained upon the authority of *Chappell* v. *Waterworth*, 155 U. S. 102. That was an action of ejectment brought in a state court, both plaintiff and defendant being residents of the same State, the declaration merely describing the land and alleging an ouster of the plaintiff by the defendant. The cause was removed into a Circuit Court of the United States upon the petition of the defendant setting forth that the United States owned and held the land for a light-house, and that the defendant was holding possession as the keeper thereof under the authority of the United States. This court declined to consider the question presented by the record and argued at the bar, because the cause was removed into the Circuit Court of the United States without authority of law, holding that under the acts of March 3, 1887, c. 373, and August 13, 1888, c. 866, a case (not depending on the citizenship of the parties, nor otherwise specially provided for) cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings.

As in the complaint in the case at bar there are no facts averred showing that the controversy was one arising under the laws of the United States, and it was not essential to the statement of the cause of action that such facts should be averred, the case comes directly within the operation of the ruling cited. In reversing the judgments, however, as the cause was removed from the state court upon the application of the present plaintiffs in error, all the costs from the time of such removal must be borne by them. *Postal Telegraph Cable Co.* v. *Alabama*, 155 U. S. 482, 488, and cases cited.

*The judgments below are reversed, and the cause is remanded to the Circuit Court of the United States for the District of Kansas with directions to remand the cause to the District Court of Harvey County, Kansas.*

Mr. JUSTICE HARLAN dissented.