EIGHMY v. POUCHER.

(Circuit Court, N. D. New York. January 3, 1898.)

REMOVAL OF CAUSES—ACTION AGAINST UNITED STATES OFFICIAL.

An action against a United States district attorney for malicious prosecution will not be remanded to the state court when all of the proceedings in the criminal action were by United States officials, in a federal court, for a violation of federal laws.

This was an action by John W. Eighmy to recover damages from William A. Poucher for malicious prosecution. The cause was removed from the supreme court of New York to the United States circuit court, and plaintiff moves to remand.

John W. Eighmy, in pro. per.
W. F. Mackey, for defendant.

COXE, District Judge. The defendant, while acting as United States district attorney for this district, caused the plaintiff to be indicted, arrested and tried for an alleged violation of the pension laws. At the trial the court directed a verdict of acquittal. This action is for malicious prosecution based upon the foregoing facts. It was

brought originally in the supreme court of the state, and was removed by the defendant to this court upon the ground that he was a United States official acting under the constitution and laws of the United States. The plaintiff now moves to remand.

The defendant, who caused the complaint to be made against the plaintiff, the marshal, who arrested him, and the judge, who tried him, were all federal officials. The grand jury which found the indictment was impaneled in a court of the United States. The laws, which it was charged the plaintiff violated, were laws of the United States. The department to which, it was alleged, he transmitted false papers, was a department of the United States. In short, all the proceedings against the plaintiff were by United States officials in a United States court for violation of United States laws. The trial of this action, therefore, may involve and draw in question directly or indirectly the federal laws, practice and procedure, the validity of the organization of the grand jury and the title, authority and power of several executive and judicial officers of the general government. These are all questions for the courts of the United States to determine. Without pursuing the discussion further it is thought that the facts bring this cause directly within the reasoning of Tennessee v. Davis, 100 U. S. 257; In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658; Houser v. Clayton, 3 Woods, 273, Fed. Cas. No. 6,739. As the complaint alleges "that during all the time and times above mentioned the said defendant William A. Poucher was United States attorney duly commissioned by the United States" the deplorable result of Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, need not be apprehended. The motion to remand is denied.