CINCINNATI BREWING CO. v. BETTMAN, Collector.

(Circuit Court, S. D. Ohio, Western Division. April 21, 1900.)

No. 5,337.

JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—SUIT AGAINST INTERNAL REVENUE COLLECTOR.

A federal court has original jurisdiction of an action against a collector of internal revenue, growing out of the administration of his office, only on the ground of diversity of citizenship, and where the requisite jurisdictional amount is involved, though any such action may be removed from a state court by the defendant, at his option, under Rev. St. § 643, authorizing any officer acting by authority of any revenue law of the United States to remove any such action brought in a state court to the circuit court of the United States at any time before trial or final hearing.

Action at law against defendant, as collector of internal revenue, to recover a rebate paid under protest on a sale of revenue stamps. On demurrer to petition. Sustained.

Shepherd & Shaffer and James E. Neal, for plaintiff.
Wm. E. Bundy, for defendant.

THOMPSON, District Judge. This case is submitted to the court upon demurrer to the petition, the ground of demurrer being that the court has no original jurisdiction of the subject-matter of the action. The petition shows that during the forenoon on the 24th day of July, 1897, the plaintiff purchased of the defendant internal revenue stamps of the face value of $22,600, and was allowed by the defendant a deduction from the face value thereof of 7½ per cent., under the provisions of section 3341 of the Revised Statutes of the United States. Afterwards, in the afternoon of the same day, the president of the United States signed the act of congress of July 24, 1897, by which the provision of said section 3341 authorizing the deduction was repealed, and thereafter the defendant, acting under the instructions of the commissioner of internal revenue, collected from the plaintiff the amount of the deduction, to wit, $1,695, payment being made by the plaintiff under protest. This suit is now brought to recover the said sum of $1,695, upon the ground that the collection thereof was illegal. The petition further shows that the parties are citizens of the state of Ohio, or, rather, fails to show that they are citizens of different states, and that the amount claimed is less than $2,000.

. Under the fiftieth section of the act of congress of June 30, 1864, providing for internal revenue, etc. (13 Stat. 241), extending the provisions of the act of congress of March 2, 1833 (4 Stat. 632), to all cases arising under the laws for the collection of internal revenue duties, the action might have been maintained; but section 50 of the internal revenue act of 1864 was repealed by the sixty-eighth section of the act to reduce internal revenue taxation, of July 13, 1866 (14 Stat. 172), and such suits must now be brought in the state courts, although they may be removed thence under the provisions of section 643 of the Revised Statutes of the United States. This suit should have been brought in the state court, and the defendant

would then have had the option of trying it there, or removing it to this court. The demurrer will be sustained, and the case dismissed, at the costs of the plaintiff. 4 Stat. 632; 13 Stat. 241; 14 Stat. 172; Sections 629, 643, Rev. St. U. S.; Insurance Co. v. Ritchie, 5 Wall. 541, 18 L. Ed. 540; City of Philadelphia v. Collector, 5 Wall. 720, 18 L. Ed. 614; Collector v. Hubbard, 79 U. S. 8, 20 L. Ed. 272; Vinal v. Improvement Co., 34 Fed. 228; Crawford v. Hubbell (C. C.) 89 Fed. 1; Nunn v. Brewing Co., 40 C. C. A. 190, 99 Fed. 939.