CITY OF STANFIELD v. UMATILLA RIVER WATER USERS'
ASS'N et al.

(Circuit Court, D. Oregon. November 13, 1911.)

No. 3,832.

1. REMOVAL OF CAUSES (§ 21*)—SUITS AGAINST FEDERAL OFFICERS—"REVE-
NUE LAW OF UNITED STATES."

Reclamation Act June 17, 1902, c. 1093, 32 Stat. 388 (U. S. Comp. St.
Supp. 1909, p. 596), providing for the construction of irrigation works
on the public land by the United States, the cost to be repaid to it by
purchasers of the lands irrigated, is not a "revenue law of the United
States" within the meaning of Rev. St. § 643 (U. S. Comp. St. 1901, p.
521), authorizing the removal of any suit brought in a state court against
any officer appointed under or acting by authority of any revenue law
of the United States, and such section does not apply to a suit against
the officer in charge of a reclamation project because of acts done under
color of his office.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 49,
51; Dec. Dig. § 21.*

For other definitions, see Words and Phrases, vol. 7, pp. 6209–6211.]

2. REMOVAL OF CAUSES (§ 21*)—COURTS (§ 296*)—FEDERAL QUESTION—DE-
FENSE BASED ON LAW OF UNITED STATES.

The fact that the defendant is an officer of the United States, and
claims to have been acting under a law of Congress when he did the acts
complained of, does not give a federal court jurisdiction of the cause
either original or by removal under Judiciary Act March 3, 1887, c. 373,
§§ 1, 2, 24 Stat. 552 (U. S. Comp. St. 1901, pp. 508, 509).

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 49,
51; Dec. Dig. § 21;* Courts, Cent. Dig. § 838; Dec. Dig. § 296.*

Jurisdiction of federal courts in cases involving federal question, see
notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co.
v. Boston & M. C. C. & S. Mining Co., 35 C. C. A. 7; Earnhart v. Switz-
ler, 105 C. C. A. 262.]

In Equity. Suit by the City of Stanfield against the Umatilla River
Water Users' Association and W. D. Newell. On motion to remand
to state court. Motion sustained.

A. W. Gray, James A. Fee, and Raley & Raley, for plaintiff.

Hinkle & Warner, for defendant Umatilla River Water Users'
Ass'n.

John McCourt, U. S. Atty., for defendant W. D. Newell.

BEAN, District Judge. In May, 1911, the plaintiff commenced a
suit in a state court to enjoin and restrain the defendants from using
and operating an irrigation canal or ditch around and above the city
of Stanfield until it is so constructed or repaired as to prevent the wa-
ter from percolating through the bottom or sides thereof and flow-
ing down and upon the land upon which the city is located, to the
injury and destruction of the streets and property of the city and
the health of its inhabitants. The canal referred to is a feed canal
furnishing water for the Umatilla irrigation project, now being con-
structed, operated, and controlled by the government under the recla-
mation act. The defendant Newell is the engineer in charge of the

work under the direction of the Secretary of the Interior, and the defendant the Umatilla River Water Users' Association has no part in the operation or control of the property. None of these facts, however, appear from the bill as filed.

[1] A petition for the removal of the suit to this court under the provisions of section 643, R. S. (U. S. Comp. St. 1901, p. 521), on the ground that it is being prosecuted against an officer appointed and acting under the revenue law of the United States, was filed, and an ex parte order was made as prayed for. The plaintiff now moves to remand the suit for the reason that the reclamation act is not a revenue law within the meaning of the section referred to.

This question has been recently considered and decided by Judge Deitrich in the District of Idaho. Twin Falls Canal Co., Ltd., v. Foote, 192 Fed. 583. His conclusions are that the reclamation act is not a revenue law within the meaning of section 643, and that suit commenced in the state court against an officer of the reclamation service cannot be removed to a federal court under the provisions of that section. I had examined the question and reached a similar conclusion before being advised of Judge Deitrich's decision. I can, however, add nothing to his able and exhaustive opinion.

[2] It is suggested that, regardless of the method of removal, the court should retain jurisdiction because the suit is against an officer of the United States claiming to act under a law of Congress. But this is not sufficient to give this court jurisdiction, under the judiciary act of 1887, either as an original action or by removal from a state court. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76; People's U. S. Bank v. Goodwin (C. C.) 160 Fed. 727. Although it would seem to have been enough under previous legislation. Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289, 27 L. Ed. 984; Bachrack v. Norton, 132 U. S. 337, 10 Sup. Ct. 106, 33 L. Ed. 377.

Motion to remand will be allowed.