### BAIRD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1912.)

No. 3,573.

1. CRIMINAL LAW (§ 1177*)—APPEAL AND ERROR—REVIEW—HARMLESS ERROR.
    Where the sentence imposed on a defendant convicted on a number of counts was no greater than might have been imposed on any single count, if he was properly convicted of one of the offenses charged, error with respect to the others is not ground for reversal.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3183–3189; Dec. Dig. § 1177.*]

2. CONSPIRACY (§ 38*)—CRIMINAL PROSECUTION—DEFENSES.
    It is no defense to a criminal prosecution for conspiracy to commit an offense against the United States that defendant acted in his professional capacity as an attorney.
    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 71, 72; Dec. Dig. § 38.*]

In Error to the District Court of the United States for the District of Nebraska.

Criminal prosecution by the United States against Frederick S. Baird. Judgment of conviction, and defendant brings error. Affirmed.

Richard A. Jones (H. C. Brome and W. E. Mason, on the brief), for plaintiff in error.

Sylvester R. Rush, Sp. Asst. Atty. Gen., and F. S. Howell, U. S. Atty.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge.   [1] Baird was convicted of related offenses charged in five counts in two indictments which were consolidated for trial, and was sentenced to pay a fine of $300, and to be imprisoned in a county jail for 60 days. This punishment was no more than could have been imposed upon conviction under a single count, so, if he was rightly tried and convicted of one of the of-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fenses, it is unnecessary to consider whether error was committed with respect to the others. Such error, if there were any, would not be prejudicial.

In the count designated as the sixth in the first indictment, upon which Baird was convicted, he was charged with having conspired with persons named and others unknown to suborn certain entrymen to commit perjury in connection with entries of public lands in the state of Nebraska. The only question on this charge which the assignments of error properly present is whether the evidence was sufficient for the consideration of the jury. We think the evidence was ample. It showed clearly the confederation and concert of action of Baird and others and that he actively participated in instigating the entrymen to make the affidavits required by law, and which contained requisite and material statements known at the time by all of them to be untrue.

[2] It is urged that his connection with the transactions was merely that of an attorney at law practicing his profession. The evidence justifies the contrary view; but even members of the bar have no professional right to counsel, advise, or assist others to violate the laws of the United States. They may properly defend them when charged with having committed crime, but in its prospective or current commission there is no privilege or immunity. All are equally amenable to the laws, lawyers as well as laymen.

The judgment is affirmed.