### FOSS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3424.

Conspiracy ⬅➡34—Conspiracy to prevent witness from testifying in land contest is crime; "right secured by Constitution or laws."

The right of a citizen to appear and testify as a witness before a land office in a contest involving lands entered under the land laws is one secured to him by the Constitution or laws of the United States, within Criminal Code, § 19 (Comp. St. § 10183), and a conspiracy to intimidate him or prevent the free exercise of such right constitutes a crime.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Criminal prosecution by the United States against Carl E. Foss and Jacob Bjornstad. Judgment of conviction, and defendants bring error. Affirmed.

Norris & Hurd, of Great Falls, Mont., for plaintiffs in error.

Edward C. Day, U. S. Atty., and Walter W. Patterson, Asst. U. S. Atty., both of Helena, Mont.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were indicted under section 19 of the Criminal Code (Comp. St. § 10183) for conspir-

ing to intimidate citizens of the United States in the free exercise and enjoyment of rights secured to them by the Constitution and laws of the United States, to wit, the right and privilege to appear and testify on behalf of contestants in contest cases involving lands entered under the laws of the United States. They were found guilty under the first count.

The plaintiffs in error demurred to certain paragraphs of the first count of the indictment as insufficient to constitute overt acts, for the reason that they failed to state that the alleged acts were done because of the exercise by any person of a right secured by the Constitution or laws of the United States. The first count sets forth several overt acts. Section 19 does not require that an overt act be pleaded; but, if an overt act was necessary, it is sufficiently pleaded in that paragraph in which it is alleged that Jacob Krause had been subpœnaed and intended to appear before the United States commissioner as a witness on behalf of the United States in a contest between Carl E. Foss and the United States in the United States Land Office at a date and place named, and that for the purpose of preventing him from so appearing and testifying the plaintiffs in error murdered him.

It is contended that section 19 is not sufficiently broad in its scope to include the offense with which the plaintiffs in error were charged. The origin of section 19 was in the Act of May 31, 1870 (16 Stat. 141), which was re-enacted as section 5508 of the Revised Statutes. Section 5508 came on for construction in United States v. Waddell, 112 U. S. 76, 5 Sup. Ct. 35, 28 L. Ed. 673, where it was held that the exercise by a citizen of the United States of the right to make a homestead entry upon unoccupied public lands was the exercise of a right secured by the Constitution and laws of the United States, within the meaning of the statute. In Re Quarles and Butler, 158 U. S. 532, 15 Sup. Ct. 959, 39 L. Ed. 1080, it was held that a conspiracy to oppress, threaten, or intimidate a private citizen in his right to notify a marshal of the United States of the violation of the internal revenue laws of the United States (38 Stat. 745) was punishable under the statute. Said the court:

"It is the duty and the right, not only of every peace officer of the United States, but of every citizen, to assist in prosecuting, and in securing the punishment of, any breach of the peace of the United States. It is the right, as well as the duty, of every citizen, when called upon by the proper officer, to act as part of the posse comitatus in upholding the laws of his country. It is likewise his right and duty to communicate to the executive officers any information which he has of the commission of an offense against those laws. * * * The right of a citizen, informing of a violation of law, like the right of a prisoner in custody upon a charge of such violation, to be protected against lawless violence, does not depend upon any of the amendments to the Constitution, but arises out of the creation and establishment by the Constitution itself of a national government, paramount and supreme within its sphere of action."

In Motes v. United States, 178 U. S. 458, 20 Sup. Ct. 993, 44 L. Ed. 1150, the statute was held applicable to a conspiracy to injure, oppress, threaten, and intimidate one who had informed the collector of internal revenue of the carrying on of the distillery business in violation of the law. Said the court:

"It was the right and privilege of Thompson, in return for the protection he enjoyed under the Constitution and laws of the United States, to aid in the execution of the laws of his country by giving information to the proper authorities of violations of those laws. That right and privilege may properly be said to be secured by the Constitution and laws of the United States."

And in United States v. Mosley, 238 U. S. 383, 35 Sup. Ct. 904, 59 L. Ed. 1355, it was held that section 19 of the Criminal Code applies to the acts of election officers, who conspire to injure and oppress qualified voters of the district in the exercise of their right to vote for members of Congress by omitting the votes cast from the count.

The plaintiffs in error rely upon United States v. Sanges (C. C.) 48 Fed. 78, in which Mr. Justice Lamar held that the right to testify before a federal grand jury without interference from private individuals was not one conferred by the Constitution of the United States within the meaning of section 5508, that the Constitution has no provision in relation to witnesses and their testimony in court, except that which is found in article 5 of the Constitution, and that the giving and receiving of evidence did not originate in the Constitution, and is not in any manner dependent for its existence upon that instrument. The doctrine of that case, that the rights and privileges secured by the Constitution and laws of the United States, within the meaning of the statute, must rest directly upon some express provision of the Constitution or the laws, has not received the sanction of the Supreme Court, but, on the other hand, has been denied in the decisions to which we have referred, and in others, as in Logan v. United States, 144 U. S. 263, 294, 12 Sup. Ct. 617, 626 (36 L. Ed. 429), where the right involved was the right of a citizen to protection while in the custody of the United States marshal, the court said:

"In the case at bar, the right in question does not depend upon any of the amendments to the Constitution, but arises out of the creation * * * of a national government, paramount and supreme within its sphere of action. Any government which has power to indict, try, and punish for crime, and arrest the accused and hold them in safe-keeping until trial, must have the power and the duty to protect from unlawful interference its prisoners so held."

If one is protected under the statute while in the lawful custody of a United States marshal, or in giving information to a United States marshal for violation of the laws of the United States, or in giving information to a collector of internal revenue, for violation of the revenue laws of the United States, it follows, we think, without question that one is protected in giving testimony before the land office in a contest which involves the rights of entrymen under the land laws of the United States. The power which is delegated to the federal government to dispose of the public lands includes the power to hear and determine contests in the land office, and the power to compel witnesses to testify in such contests, and the power to protect them while so doing, and in all such contests the United States is a party.

The judgment is affirmed.