## RURY v. GANDY et al.

(District Court, E. D. Washington, N. D. April 22, 1926.)

### No. 4314.

Courts ⬥═282(1)—Action for malicious prosecution, where acts charged against defendants were in nature of contempts of the court, held within jurisdiction of federal court as arising under Constitution and laws of United States (Judicial Code, § 24 [Comp. St. § 991]).

Where it is alleged that defendants pursuant to a conspiracy, caused plaintiff to be criminally prosecuted in a federal court, and testified falsely before the grand jury and on his trial, which resulted in acquittal, an action for malicious prosecution is within jurisdiction of federal court as one arising under the Constitution and laws of the United States within Judicial Code, § 24 (Comp. St. § 991); the acts charged against defendants being in the nature of contempts of the court.

At Law. Action by Charles Rury against Lloyd Gandy and others. On demurrer to third amended complaint. Overruled.

W. B. Mitchell and Merritt & Curtiss, all of Spokane, Wash., for plaintiff.

Cannon & McKevitt, of Spokane, Wash., for defendants.

CUSHMAN, District Judge. Plaintiff sues defendants for damages because of malicious prosecution resulting in plaintiff's imprisonment. There is no diversity of citizenship. The plaintiff alleges his adjudication as a bankrupt in this court; that defendants were, in that proceeding, the trustee, the trustee's attorney, and attorney for one of the creditors. It is alleged that the defendants, in pursuance of a conspiracy on their part, by false accusations made to the United States attorney concerning plaintiff, and at defendants' request secured the submission of an accusation against plaintiff to a grand jury of this court, and that they, in furtherance of the conspiracy, knowingly gave false testimony before that body concerning plaintiff, and thereby secured his indictment, prosecution, and imprisonment upon the charge of conspiracy to fraudulently conceal his assets in such bankruptcy proceeding; that this indictment was dismissed upon plaintiff's demurrer thereto; that defendants, by means of other knowingly false accusations and testimony, by them made and given to a grand jury of this court, secured plaintiff's further indictment charging him and another with conspiracy to fraudulently conceal his assets from the trustee in such bankruptcy proceeding, upon which second indictment he was further prosecuted and imprisoned and

upon the trial of which a directed verdict of acquittal was rendered.

Plaintiff cites King County v. Seattle School Dist. No. 1 (C. C. A.) 278 F. 46, affirmed in 44 S. Ct. 127, 263 U. S. 361, 68 L. Ed. 339; Eighmy v. Poucher (C. C.) 83 F. 855; Logan v. United States, 12 S. Ct. 617, 144 U. S. 263, 36 L. Ed. 429; Foss v. United States (C. C. A.) 266 F. 881; Nixon v. United States (C. C. A.) 289 F. 177; Steele v. Halligan (D. C.) 229 F. 1011; United States v. Ford (D. C.) 9 F.(2d) 990; United States v. Salih (D. C.) 287 F. 763; Baird v. United States, 196 F. 778, 116 C. C. A. 73; O'Sullivan v. Felix, 34 S. Ct. 596, 233 U. S. 318, 58 L. Ed. 980; Myers v. Anderson, 35 S. Ct. 932, 238 U. S. 368, 59 L. Ed. 1349.

Defendants cite Yeandle v. Penn. Ry., 169 F. 938, 95 C. C. A. 282; Newcomb v. Burbank, 181 F. 334, 104 C. C. A. 164; Sup. Lodge v. England, 94 F. 369, 36 C. C. A. 298; Louisville Ry. v. Mottley, 29 S. Ct. 42, 211 U. S. 149, 53 L. Ed. 126; Shade v. N. P. Ry. Co. (D. C.) 206 F. 353; Brown v. Keene, 8 Pet. 112, 8 L. Ed. 885; Wadleigh v. Newhall (C. C.) 136 F. 941; Hodges v. United States, 27 S. Ct. 6, 203 U. S. 1, 51 L. Ed. 65; Twining v. New Jersey, 29 S. Ct. 14, 211 U. S. 78, 53 L. Ed. 97; Conner v. Elliot, 59 U. S. (18 How.) 591, 15 L. Ed. 497; Marten v. Holbrook (C. C.) 157 F. 716; California Oil Co. v. Miller (C. C.) 96 F. 16; Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357; Spencer v. Duplan Silk Co., 24 S. Ct. 174, 191 U. S. 526, 48 L. Ed. 287; 25 C. J. pp. 718–721; 25 C. J. pp. 775–778; Bankers' Mutual Casualty Co. v. Minneapolis, etc., 24 S. Ct. 325, 192 U. S. 371, 48 L. Ed. 484; Cuyahoga River P. Co. v. Northern Ohio Tract. & Light Co., 40 S. Ct. 404, 252 U. S. 388, 64 L. Ed. 626; Earnhart v. Switzler, 179 F. 832, 105 C. C. A. 260; Devine v. Los Angeles, 26 S. Ct. 652, 202 U. S. 313, 50 L. Ed. 1046; State v. Waite, 70 N. W. 596, 101 Iowa, 377; Walker v. Collins, 17 S. Ct. 738, 167 U. S. 57, 42 L. Ed. 76; Cincinnati Brewing Co. v. Bettman (C. C.) 102 F. 16; City of Stanfield v. Umatilla River Water Co. (C. C.) 192 F. 596; Twin Falls Canal Co. v. Foote (C. C.) 192 F. 583; People's U. S. Bank v. Goodwin (C. C.) 162 F. 937; 25 C. J. p. 732; Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648; Cunningham v. Neagle, 10 S. Ct. 658, 135 U. S. 1, 34 L. Ed. 55; Maryland v. Soper, 46 S. Ct. 185, 192, 194, 70 L. Ed. ——, original Nos. 23, 24, and 25, October term, 1925, Supreme Court of the United States, decided February 1, 1926; Cunningham v. Mitchell, 218 P. 386, 126 Wash. 294.

The question upon the demurrer, is one of the court's jurisdiction. No case directly in point has been cited to the court. It has been held that a suit against the warden of the United States Penitentiary upon McNiels Island by a prisoner for personal injury, alleged to have been caused by the warden's negligence, was one arising under the Constitution and laws of the United States. Steele v. Halligan (D. C.) 229 F. 1011.

Revised Statutes, § 1980 (Comp. St. § 3933), authorizes suit and the recovery of damages where two or more persons conspire to injure a party or witness in his person or property, on account of his having attended or testified in any court of the United States, if one or more persons engaged in the conspiracy cause any act to be done in furtherance of its object, whereby another is injured in his person or property. Section 643 of the Revised Stat., now in Judicial Code, § 33 (Comp. St. § 1015), provides for the removal of a civil suit against any officer of the courts of the United States, for or on account of any act done under color of his office.

Jurisdiction in this case may not be entertained under the first-cited of these sections, for one reason, because it does not appear that defendants conspired to injure plaintiff on account of his having attended upon or testified before a United States court. Jurisdiction cannot be entertained under the last-cited section, for one reason, because the acts of defendants alleged to have injured plaintiff were not done under color of the office of any one of the defendants as an officer of this court. But the court is satisfied that the present suit is one arising under the Constitution and laws of the United States, and therefore within the court's jurisdiction under section 24 of the Judicial Code (Comp. St. § 991).

The criminal laws of a government and their administration are of the essence of its sovereignty. In fixing the jurisdiction in civil causes between national and state courts, the question is largely one of convenience. But in the administration of its criminal laws all is assumed that is necessary to their untrammeled and unembarrassed execution. Fundamentally, there are the same reasons for maintaining the jurisdiction in the present case that exist in an ancillary cause or in a case of contempt of court, which latter is in its nature an ancillary proceeding. That with which the defendants are here charged is, in its nature, a contempt of court; and the court should and does have jurisdiction, not only that it may give a remedy for the wrong, in the accomplishment of

which, it is alleged, the court's power has been used—power given and defined by national law—but the court has jurisdiction because of that public policy under which every government must be vigilant to see that those who, like the defendants, have been witnesses for the government in a criminal cause, are not wrongfully made to suffer because of that fact.

Whether as complainants and witnesses before a grand jury of a court of the United States defendants violated the laws of the United States and perjured themselves, and thereby worked their malice upon the plaintiff, presents a federal question.

The demurrer is overruled.