### EASTERN INDUSTRIES, INC. and Stabler Companies, Inc.

v.

### JOSEPH CICCONE & SONS, INC., Joseph Ciccone & Sons, a partnership, Joseph A. Ciccone and August Kolbe.

#### Civ. A. No. 81–4379.

United States District Court,
E. D. Pennsylvania.

Feb. 16, 1982.

Frank A. Sinon, Stephen Shibla, Harrisburg, Pa., for plaintiffs.

Louis Koerner, Jr., New Orleans, La., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Charges by plaintiff, Eastern Industries, Inc. (Eastern) that defendant Joseph Ciccone & Sons, Inc. (Ciccone) instituted a bad faith antitrust lawsuit against it in August 1981, forms the predicate of this action for abuse of federal process.[1]  In the alleged "bad faith" action, captioned *Joseph Ciccone & Sons, Inc. v. Eastern Industries*, No. 81–3203 (prior suit), Ciccone charged that defendants therein Eastern and Stabler Industries, Inc., violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and Section 7 of the Clayton Act, 15 U.S.C. § 18.  Since all the parties in this suit are citizens of Pennsylvania, Eastern asserts that jurisdiction is properly predicated upon 28 U.S.C. § 1331 which provides a jurisdictional foundation for claims which arise under the Constitution, "laws" or treaties of the United States.  See 28 U.S.C. § 1331. Defendant's motion to dismiss will be granted for the reasons set forth below.

By use of the plural "laws" in § 1331, Congress intended courts to have jurisdiction over claims founded on federal common law as well as federal statutory law.  *Illinois v. City of Milwaukee*, 406 U.S. 91, 99, 92 S.Ct. 1385, 1390, 31 L.Ed.2d 712 (1972).  However, because *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), held that there is "no general common law", courts are hesitant to formulate one and do so only in "few and restricted" instances.  *Wheeldin v. Wheeler*, 373 U.S. 647, 651, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 (1963).  For example, federal common law will be formulated where a "federal rule of decision is *necessary* to protect uniquely federal interests and those in which Congress has given the courts the power to develop substantive law."  *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (citations omitted; emphasis added).  In the case at bar, only the first of these two considerations is even remotely implicated.

Whether a federal common law is "necessary" to protect the asserted federal interest requires reference to the perceived federal problem and the existing remedies thereto.  Eastern asserts generally that absent creation of a federal common law for abuse of process, federal courts will be unable to properly police themselves to insure the integrity of their process.  In fact, one court has so held.  *Nationwide Charters and Conventions, Inc. v. Garber*, 254 F.Supp. 85, 87–88 (D.Mass.1966).  This theory, however, overlooks a number of existing prophylactic measures which currently protect against abuse of federal process.

The first of these measures is Fed.R. Civ.P. 13(a).  Claims for abuse of process are properly the subject of a counterclaim. Such claims, tested against *state-created* abuse of process standards, are properly within this Court's ancillary jurisdiction. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469, n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974).  *See Triester v. 191*

---

1. Plaintiff also includes a count for "civil conspiracy".  Our analysis of the abuse of process issue is equally applicable to the conspiracy claim.

728

*Tenants Asso.*, 272 Pa.Superior Ct. 271, 279, 415 A.2d 698 (1979) (defining a "classic example" of abuse of process). *See also, Jennings v. Shuman*, 567 F.2d 1213, 1218–19 (3d Cir. 1977) (distinguishing between malicious prosecution and abuse of process); *Curran v. Dural*, 512 F.Supp. 699 n. 1 (E.D.Pa.1981). *See generally, Sheridan v. Fox*, 531 F.Supp. 151 (E.D.Pa.1982). Hence, there is no "necessity" to protect federal process; our ancillary jurisdiction permitting state-based claims to be heard in federal court properly insures the integrity of our process. Moreover, Fed.R.Civ.P. 11, which proscribes sham pleadings also fosters the proper use of this Court's process. *Cf. Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1329 (3d Cir. 1982) (Fed.R.Civ.P. 11 and a claim of abuse of process protects against improper use of New Jersey's *lis pendens* statute.) Hence, plaintiff has not demonstrated that a federal concern can only be protected by creation of a new body of federal law.

Case law also compels dismissal of this suit. The Supreme Court specifically held that there is no federal common law for abuse of federal subpoena power and observed generally that, "Congress has not . . . left to federal courts the creation of a federal common law for abuse of process." *Wheeldin v. Wheeler*, 373 U.S. at 652, 83 S.Ct. at 1445.

Accordingly, we dismiss this suit. This does not, however, leave Eastern without a remedy for the alleged abuse of process in the prior suit. Fed.R.Civ.P. 13(f) permits courts, upon motion, to allow amendment of an answer to include a compulsory counterclaim. *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220–221 (5th Cir. 1975). *But see, Fischer & Porter Co. v. Haskett*, 287 F.Supp. 831, 834 (E.D.Pa.1968) (where prior to *Jennings*, (3d Cir. 1977), *Sheridan* (1982) and *Curran* (1981), *supra*, the court denied a motion under Rule 13(f) to add a counterclaim for abuse of process in an antitrust action.)

An appropriate order will issue dismissing plaintiff's complaint.