**Mary VOORS, Kevin Saylor & Wanda Saylor, Plaintiffs,**

v.

**NATIONAL WOMEN'S HEALTH ORGANIZATION, INC.; Fort Wayne Women's Health Organization, Inc.; Y & S Management Corporation; Medical Management of Fort Wayne, Inc.; Mary E. Collins; Susan Hill; Joan E. Uebelhoer, Defendants.**

No. F 83–354.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

June 17, 1985.

Edward L. Murphy, Jr., Fort Wayne, Ind., for plaintiffs.

Allan M. Pollack, Glass & Howard, P.C., New York City, and Arnold H. Duemling, Fort Wayne, Ind., for defendants.

MEMORANDUM and ORDER

ALLEN SHARP, Chief Judge.

## I.

This action was originally brought in the Allen Superior Court in the State of Indiana and was subsequently removed to this court by the defendants, National Women's Health Organization, Inc. [NWHO], Fort Wayne Women's Health Organization, Inc. [FWWHO], Y & S Management Corp. [Y & S], Medical Management of Fort Wayne, Inc. [MMFW], Mary E. Collins, Susan Hill, and Joan Uebelhoer on October 27, 1983 pursuant to 28 U.S.C. § 1441[a] and [b]. Thereafter, on November 4, 1983, the defendants filed with this court an amended petition for removal alleging as an additional ground for removal 28 U.S.C. § 1441[c]. Plaintiffs, Mary Voors, Kevin Saylor and Wanda Saylor, filed a motion to remand this case to the Allen Superior Court on November 22, 1983.[1] For the reasons set forth below, the motion to remand of plaintiffs is granted.

Plaintiffs' complaint contains six counts. In counts I and II, plaintiff, Kevin Saylor, seeks damages against defendants, NWHO, FWWHO, Y & S, MMFW, Mary E. Collins and Susan Hill for injury and impairment to his name and reputation, humiliation and mental anguish, loss of love, affection and care of his wife and attorney fees resulting from abuse of process and malicious prosecution. Similarly, plaintiff, Wanda Saylor, seeks damages against the same defendants for injury and impairment to her name and reputation, humiliation and mental anguish, loss of love, affection, and care of her husband and attorney fees resulting from abuse of process and malicious prosecution in counts III and IV. In counts V and VI, plaintiff, Mary Voors, seeks damages against defendants, NWHO, FWWHO, Y & S, MMFW, Mary E. Collins, Susan Hill and Joan E. Uebelhoer for injury and impairment of her good name and reputation, humiliation and mental anguish, attorney fees and medical expenses resulting from abuse of process and malicious prosecution on the part of the defendants. In general, each count in the complaint depends upon the defendants' acts of initiating, causing to be initiated, procuring, or voluntarily participating in the action filed in the United States District Court for the Northern District of Indiana, Fort Wayne Division, Cause No. F 79-9.

## II.

The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right to removal, it is essential that the case be shown to be one within one of those classes. *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544 [1914]; *Strange v. Arkansas Oklahoma Gas Corp.*, 534 F.Supp. 138, 139 [W.D.Ark. 1981]. The burden of proving subject matter jurisdiction rests upon the parties seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 [1921]; *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 [7th Cir. 1976]. The right of removal is a congressionally imposed infringement on a state court's power to determine controversies, and, therefore, the removal statutes must be strictly construed. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872–73, 85 L.Ed. 1214 [1941]. Moreover, courts should resolve any doubt regarding jurisdiction in favor of state court jurisdiction. *Jones v. General Tire & Rubber Co.*, 541 F.2d at 664.

Defendants have purported to remove this case to this court under the provisions

---

1. Defendants filed their memorandum in opposition to plaintiffs motion for remand on December 19, 1983. Plaintiffs filed a reply on January 10, 1984. Defendants filed supplemental memorandums in opposition to plaintiffs' motion for remand on January 17, 1984 and May 16, 1984.

of 28 U.S.C. § 1441[a], [b] and [c] which provide as follows:

[a] Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[b] Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

[c] Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

## A.

In paragraph 4 of the defendants' amended petition for removal, defendants allege that this court has subject matter jurisdiction of this action on the ground that the plaintiffs' complaint presents a federal question. Specifically, defendants contend that each of counts I, III and IV contains two paragraphs concerning abridgment of First and Sixth Amendment rights.[2] They point out that plaintiffs claim in their complaint that legal action was initiated by the defendants to prevent the plaintiffs from exercising their rights

to free speech and assembly guaranteed by the First and Sixth Amendment to the Constitution. In addition, plaintiffs' complaint also claims that the actions of defendants were part of a continuing course of conduct in an attempt to harass and prevent the plaintiffs from exercising their rights to free speech and assembly guaranteed by the First and Sixth Amendments.

In the leading case on this issue, *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 [1936], the Supreme Court of the United States stated the following test to be applied in determining whether a federal question is presented by the complaint:

To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. [Citations omitted.] *Id.* at 112–13, 57 S.Ct. at 97–98.

*See also Oglesby v. RCA Corporation,* 752 F.2d 272, 275 [7th Cir.1985].

 The plaintiffs' suit does not involve an action against the defendant for the abridgement of their constitutional rights of free speech and assembly, but rather for abuse of process and malicious prosecution. While it is true that plaintiffs' complaint contains allegations of constitutional violations, those allegations state the defendants' wrongful purpose in initiating the underlying action against the plaintiffs. In order to state a claim for relief for abuse of process under Indiana law, the plaintiff

---

**2.** Plaintiffs have indicated that all references to the Sixth Amendment contained in their complaint were inadvertently included and that they will move to amend their complaint in order to delete such references after a ruling on this motion. Memorandum in Support of Plaintiffs' Motion for Remand, p. 7 n. 1.

must allege, that by filing the underlying suit, the defendants caused a "misuse or misapplication of process, for an end other than that for which it was designed or intended." *Display Fixtures Co. v. R.L. Hatcher, Inc.*, Ind.App. 438 N.E.2d 26, 31 [1982]. Thus, if the rights of free speech and assembly are issues at all in this case, their infringment is a proximate result of defendants' tortions acts.

■ The "wrong" complained of in this case is defendants' acts of initiating or causing the initiation of a law suit for a purpose other than that for which it was intended. The fact that defendants may assert, as a matter of defense, that preventing the plaintiffs from exercising their right of free speech and assembly was a valid purpose for filing the lawsuit, is not material to the question under what law the suit is brought. As the Supreme Court stated in *Gully, supra.*:

> Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit....
>
> The most one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of constitutional law, the question of state power in our federal form of government. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states. 299 U.S. at 115, 117, 57 S.Ct. at 98, 100.

The plaintiffs' cause of action in this case for abuse of process is based upon, and originates in, the law of Indiana.

■ Further, defendants also attempt to transform this action into a federal question by alleging that since the court process alleged to have been abused in this case is the federal court process, whether there has been an abuse of federal court process is a federal question. Defendants cite *Nationwide Charters and Conventions, Inc. v. Garber*, 254 F.Supp. 85 [D.Mass.1966] [citing *Rury v. Gandy*, 12 F.2d 620 [E.D.Wash.1926]; *Eighmy v. Poucher*, 83 Fed. 855 [C.C.N.D.N.Y.1898];

*Hurst v. Cobb*, 61 Fed. 1 [C.C.N.D.Tex. 1894] in support of their position.

The Supreme Court of the United States has observed generally that "Congress has not ... left to federal courts the creation of a federal common law for abuse of process." *Eastern Industries, Inc. v. Joseph Ciccone & Sons*, 532 F.Supp. 726, 728 [E.D. Pa.1982], citing *Wheeldin v. Wheeler*, 373 U.S. 647, 652, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 [1963]. This position undermines defendants' argument that this action presents a federal question because federal court process was involved. A careful review of the cases cited by defendants in support of their argument indicates that the cases all involve abuse of process or malicious prosecution suits that arose from original actions filed in the federal courts raising federal questions. In *Nationwide Charters and Conventions, Inc. v. Garber, supra*, the plaintiff brought an action in State Court for abuse of process, slander and breach of contract. The underlying action giving rise to the plaintiff's claim for abuse of process was instituted pursuant to the Federal Aviation Act, 49 U.S.C. § 1487. 254 F.Supp. at 86. In *Rury v. Gandy*, 12 F.2d 620 [E.D.Wash. 1926], the plaintiff filed suit for malicious prosecution based upon allegations that false accusations made to the United States Attorney and false testimony given to the grand jury caused the institution of a federal criminal prosecution. *Eighmy v. Poucher, supra*, involved a malicious prosecution claim filed against federal officials based upon a wrongful criminal prosecution in federal court. In each case, the construction of federal laws as they related to the underlying action were issues that would be involved in the suits for malicious prosecution and abuse of process.

No such issues are presented in this case. The underlying action was removed to federal court based upon diversity of citizenship and did not involve the determination of any federal law. Thus, defendants' attempt to bring this cause of action within the subject matter jurisdiction of this court on the grounds that a federal question is

presented by plaintiffs' complaint must fail.

### B.

■■■ Defendants second major argument opposing plaintiff's motion to remand is that Joan Uebelhoer was fraudulently joined in this cause for the purpose of destroying diversity of citizenship. The proper standard to be applied to determine whether a party has been fraudulently added is whether there exists *no possible action* against the resident defendant. *Buchanan v. Delaware Valley News*, 571 F.Supp. 868, 870 [E.D.Pa.1983]. A claim of fraudulent joinder must be asserted with clarity and be supported by clear and convincing evidence. *American Brahmental v. American Simmental*, 443 F.Supp. 163, 165 [W.D.Tex.1977]. *See also* 14 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure:* Jurisdiction § 3723 at p. 611 [1976]. Unless the court can state with reasonable certainty that no possible liability exists against defendant, remand is required where the addition of the defendant defeats jurisdiction. *Buchanan v. Delaware Valley News*, 571 F.Supp. at 870. There need be only a possibility that a right to relief exists to avoid this conclusion, and a plaintiff's ultimate failure to obtain a judgment is immaterial. 14 C. Wright, A. Miller & E. Cooper, *supra*, § 3723 at p. 617.

■■■ The defendants cite the Restatement [Second] of Torts, § 653 comment d [1977], for the proposition that "causing" the action to be filed requires greater involvement on Joan Uebelhoer's part than supplying information to other defendants. However, the plaintiffs allege that Joan Uebelhoer caused the initiation of the suit against Mary Voors by supplying what she knew or should have known to be *false* information concerning Mary Voors.[3] Thus, it appears that the issue of Joan Uebelhoer's liability in this case involves questions of fact. Insofar as these factual questions exist, the defendants have failed to carry their burden that no reasonable ground for liability exists. Therefore, no subject matter jurisdiction is conferred upon this court on the basis of diversity of citizenship.

### C.

Finally, defendants attempt to invoke jurisdiction of this court pursuant to 28 U.S.C. § 1441[c] by contending that separate and independent claims or causes of action are asserted by plaintiffs in their complaint.

The leading case construing § 1441[c] is *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 [1951]. The plaintiff in *Finn* asserted alternative theories of liability for a fire loss against each of two non-resident corporations individually and against the corporations and a resident individual jointly and severally. The non-resident corporate defendants removed the action on the ground that the plaintiff had asserted claims or causes of action aginst them that were separate and independent from the claim or cause of action asserted against the resident defendant. The jury returned a verdict against the plaintiff and judgment was entered on the verdict. The plaintiff moved the court to vacate the judgment on the ground of improper removal. The court denied the motion and the ruling was affirmed by the Court of Appeals. The Supreme Court of the United States reversed the decision of the Court of Appeals and remanded the case to the district court with directions to vacate the judgment and remand the case to state court. *Id.* at 18–19, 71 S.Ct. at 542–543.

In making its determination, the Supreme Court reviewed the congressional purpose of the statute and found that a

---

**3.** If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information.

Restatement [Second] of Torts, § 653 comment g [1977].

significant goal was to limit removal from state court. *Id.* at 9–10, 71 S.Ct. at 537–538. In construing the statute, the court stated:

> Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word "independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal. *Id.* at 12, 71 S.Ct. at 539. [Footnotes omitted.]

The Court then held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441[c]." *Id.* at 14, 71 S.Ct. at 540.

Although the *Finn* case involved only one plaintiff and multiple defendants, the construction placed upon the statute in that case appears to this court to be the appropriate standard to apply to this case. Commentators have also adopted this position:

> Even under most liberal of state joinder rules and statutes, parties are not properly joined unless there is a question of law or fact common to all of them and there is a claim asserted for or against them all arising out of the same transaction or occurrence or series of transactions or occurrences. It seems reasonable to conclude that claims involving common questions and stemming from the same transaction do not qualify as separate causes of action under the Supreme Court's formulation.
> 14 C. Wright, A. Miller & E. Cooper, *supra*, § 3723 at P. 617.

▮ Moreover, the language of 28 U.S.C. § 1441[c] is instructive. The two words "separate" and "independent" in § 1441[c] are used conjunctively and should be given significance in order to carry out the intent and purpose of congress to limit removal and simplify determination of re-

movability. *Her Majesty Industries, Inc. v. Liberty Mutual Insurance Company,* 379 F.Supp. 658, 661 [D.S.C.1974]. Therefore, a cause of action must be both "separate" from and "independent" of the main action to be removable under § 1441[c]. *Chase v. North American Systems, Inc.,* 523 F.Supp. 378, 382 [W.D.Pa.]. The phrase "separate and independent" connotes an entirely distinct controversy; one that differs from and is not dependent upon the main cause of action. *Id.*

▮ In this case plaintiffs allege that they were injured by one happening which occurred as a result of the combined activities of all the defendants. All plaintiffs seek damages for malicious prosecution and abuse of process arising from a single wrong, the wrongful initiation of the action in The United States District Court for the Northern District of Indiana, Fort Wayne Division, Cause No. F79–9 against them. For authority supporting this position, see *Chappell v. SCA Services, Inc.,* 540 F.Supp. 1087 [C.D.Ill.1982]; *Strange v. Arkansas-Oklahoma Gas Corp., supra; Lavan v. Petroleum Underwriters at Lloyds,* 334 F.Supp. 1069 [S.D.N.Y.1971].

Although the court is cognizant of courts taking a less restrictive view of this removal provision, *see, e.g., Stokes v. Merrill Lynch,* 523 F.2d 433 [6th Cir.1975]; *Northside Iron & Metal Co. v. Dobson & Johnson, Inc.,* 480 F.2d 798 [5th Cir.1973]; *Jong v. General Motors Corporation,* 359 F.Supp. 223 [N.D.Cal.1973]; *Herrmann v. Braniff Airways,* 308 F.Supp. 1094 [S.D.N.Y.1969], this court is of the opinion that its interpretation of 28 U.S.C. § 1441[c] best comports with the congressional purpose of the statute to limit removal. Therefore, the court finds that plaintiffs' claims or causes of action are not separate and independent as required by 28 U.S.C. § 1441[c] so as to give this court subject matter jurisdiction.

Accordingly, it is the order of this court that the motion to remand of plaintiffs Mary Voors, Kevin Saylor and Wanda Saylor, be and is hereby, GRANTED. It is

further ordered that this case be RE-MANDED to the Allen Superior Court pursuant to 28 U.S.C. § 1447[c]. SO ORDERED.