**NATIONWIDE CHARTERS AND CONVENTIONS, INC., Plaintiff,**

**v.**

**Bernard GARBER, Gilbert Garber, and Garber's Travel Service, Inc., Defendants.**

**Harold LOW, Plaintiff,**

**v.**

**Bernard GARBER, Gilbert Garber, and Garber's Travel Service, Inc., Defendants.\***

**Civ. A. Nos. 66-60, 66-61.**

United States District Court
D. Massachusetts.

April 25, 1966.

---

\* These are companion cases. In both cases identical complaints and, after removal, identical motions to remand were filed. As both motions raised the same issues, the court is disposing of them by parallel memoranda, only one of which is published.

**86**

Gael Mahony, Henry S. Healy, Hill & Barlow, Boston, Mass., for plaintiff.

Laurence S. Fordham, John G. S. Flym, Jerome Preston, Jr., Foley, Hoag & Eliot, Boston, Mass., for defendants.

SWEENEY, District Judge.

The plaintiff brought suit in the Superior Court of Suffolk County charging the defendants with abuse of process, interference with contract and slander. The defendants removed alleging that this court has original jurisdiction of the cause under the provisions of 28 U.S.C. § 1331(a),[1] and the plaintiff has now moved to remand.

In late 1964 Northeast Airlines, Inc., brought an action in this court under Section 1007 of the Federal Aviation Act, 49 U.S.C. § 1487, to enjoin World Airways, Inc., Nationwide Charters and Conventions, Inc. and Harold Low from engaging in unauthorized air transportation in violation of section 401(a) of the Act, 49 U.S.C. § 1371(a). The court granted a preliminary injunction and, after allowing Northeast's motion for summary judgment, issued a final decree permanently enjoining the aforementioned defendants from engaging in certain activities. After two appeals, that judgment is not yet entirely settled; and also still pending in that action are counterclaims by all defendants charging Northeast with abuse of process, interference with contractual relations and anti-trust violations.

Count 1 of the declaration[2] alleges that the defendants Garber "advised, encouraged, induced, substantially assisted and otherwise caused Northeast Airlines,

---

1. § 1331(a) "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

2. The parties have argued the issue of federal jurisdiction only with respect to Count 1 and agree that if the court has jurisdiction of that Count it may, under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), also decide the other two Counts.

Inc. * * * to bring suit against the plaintiff in the United States District Court * * * [and] that * * * [they] maliciously advised, encouraged, induced, substantially assisted and otherwise caused Northeast Airlines, Inc., by means of conscious misrepresentations as to certain facts and affidavits, to cause the * * * Court * * * to enter and to continue in force a preliminary injunction against the plaintiff * * * " for the sole purpose of destroying the plaintiff's business, and that the plaintiff's business was destroyed.

The plaintiff's argument in support of the motion to remand is basically and simply that abuse of process is a common law tort which derives from state law and that the right to recover therefor is governed by state law. Viles v. Symes, 129 F.2d 828 (10th Cir. 1942), cert. den. 317 U.S. 633, 63 S.Ct. 67, 87 L.Ed. 511 (1942), reh. den. 317 U.S. 711, 63 S.Ct. 323, 87 L.Ed. 567 (1942). But the process which is alleged to have been abused is federal process and the federal courts have an interest not only in protecting their process but also in having such protection administered uniformly.

The proposition that it is a federal question whether or not there has been an abuse of the process of a federal court is supported by several cases. Rury v. Gandy, 12 F.2d 620 (E.D.Wash. 1926); Eighmy v. Poucher, 83 F. 855 (C.C.N.D.N.Y.1898); Hurst v. Cobb, 61 F. 1 (C.C.N.D.Texas 1894); see also Bock v. Perkins, 139 U.S. 628, 11 S.Ct. 677, 35 L.Ed. 314 (1891). Viles v. Symes, supra, cited by the plaintiff does hold otherwise, but I am not persuaded by the court's reasoning. Thompson v. Standard Oil Co., 67 F.2d 644 (4th Cir. 1933), cert. den. 292 U.S. 631, 54 S.Ct. 640, 78 L.Ed. 1485 (1934), upon which the plaintiff also relies, is clearly distinguishable, in that the federal issue there arose defensively. See Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Here, it is the plaintiff's cause of action which calls into play federal concerns and federal policies.

The federal interest which is, here, involved is the essential concern of the federal courts with the integrity of their process, and there is no question that they have broad inherent powers to prevent and redress the abuse of that process. Insofar as relevant to this complaint, for example, Rule 56(g), F.R.Civ. P., 28 U.S.C., provides for the awarding of expenses to the party hurt when affidavits are filed in bad faith, or the offending party or attorney may be adjudged guilty of contempt, both under the Rule and under the general law of contempt. An additional remedy is a suit for damages for abuse of process and every policy consideration dictates that it, also, be determined according to the same law as governs contempt proceedings and sanctions under the Rules. The allegations, here, raise a kind of housekeeping or policing problem of the federal courts; and it is essential that this problem be resolved uniformly regardless of the plaintiff's choice of remedy.

The mischief which might result if this abuse of process claim were held to have arisen under and governed by state law is well illustrated by this and the related cases. The counterclaims against Northeast Airlines are based on the same conduct and put in issue the same facts as does this case, and yet under the plaintiff's theory different results are entirely possible. Moreover, the instant claim may, as the defendants pointed out in argument, already be subject to or limited by federal law. Northeast Airlines gave a substantial bond upon the issuance of the preliminary injunction, and it may be that there can be no recovery in excess of the amount of the bond. See 7 Moore's Federal Practice 1659–1660 (2d ed. 1955).

Federal law must, therefore, govern this claim. It is not now necessary to spell out what that law is. Suffice it to say that where they have discerned a paramount federal interest, federal courts have frequently developed a "specialized federal common law," Friendly,

In Praise of Erie—and of the New Federal Common Law, 19 Record of the Association of the Bar of the City of New York 64, 82, February 1964, in areas in which state common law also exists, Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943), Greenberg v. Panama Transport Co., 185 F.Supp. 320 (D.C. Mass.1960), rev'd on other grounds 290 F.2d 125 (1st Cir. 1960), cert. den. 368 U.S. 891, 82 S.Ct. 143, 7 L.Ed.2d 88 (1961), Hazel Stanley, 45 T.C.No. 54 (March 17, 1966), or in areas in which they must give substance to new rights and enforce new remedies. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

██ In view of the federal interest in the subject matter of this cause of action and because it must be determined according to federal law, this court has jurisdiction under 28 U.S.C. § 1331; and the motion to remand is denied.

After argument on the motion, the plaintiff, by letter, requested the court, should it deny the motion, to certify the question to the Court of Appeals under 28 U.S.C. § 1292(b). That request is denied.