**Gilbert L. DOZIER**

v.

**Loy F. WEAVER.**

**Civ. A. No. 79–531–B.**

United States District Court,
M. D. Louisiana.

Nov. 28, 1979.

E. Drew McKinnis, McKinnis, Juban & Bevan, Baton Rouge, La., Bob F. Wright, Domengeaux & Wright, Lafayette, La., for plaintiff.

John M. Madison, Jr., Wiener, Weiss, Madison & Howell, Shreveport, La., for defendant.

## DECISION AND ORDER

JOHN V. PARKER, District Judge.

This is basically a libel action between two citizens of Louisiana. Plaintiff, the Commissioner of Agriculture of the State of Louisiana, has filed suit in the state court against a member of the Louisiana Legislature, alleging that the defendant has made "false" and "malicious" statements about

him and that the defendant has engaged in a "well-organized campaign to discredit plaintiff in the eyes of the public" which was timed "to coincide with plaintiff's campaign for re-election." Dozier claims substantial money damages as a result of the statements and actions of the defendant.

The defendant Weaver has removed the action to this Court, alleging jurisdiction under 28 U.S.C. § 1331, and plaintiff has filed a motion to remand. Defendant has filed a motion to strike certain statements contained in plaintiff's original petition, claiming that they are "immaterial, impertinent and scandalous" and should be stricken under Rule 12(f), Fed.R.Civ.P. Since the Court concludes that this action must be remanded to the state court, the motion to strike is not considered.

■ 28 U.S.C. § 1331(a), upon which Weaver predicates federal jurisdiction, provides, in pertinent part:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy . . . arises under the Constitution, laws, or treaties of the United States. . . ."

In determining whether the action "arises under the Constitution, laws, or treaties" for removal jurisdiction purposes, it is clear that the Court must look to plaintiff's petition itself, not potential defenses which might be anticipated and not the defendant's petition for removal. See *State of Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894). Here defendant points to allegations in plaintiff's petition regarding "federal criminal investigations" as the basis for jurisdiction:

"5.

"In furtherance of his illicit campaign, defendant has made malicious statements, statements made with a reckless disregard for the truth, and has initiated criminal investigations without regard to his stated belief, as expressed to the legislative committee, that the Commissioner had been guilty of no criminal activity.

"6.

"The defendant has leaked to the press the fact that investigations were underway, thereby implying to the public that some criminal activity was present. He had done this without informing the press that he had initiated the investigations in the first place and that the investigation authorities were simply doing their duties in following all leads submitted by supposedly responsible citizens."

"12.

"Although he had publicly acknowledged that the incident of which he has complained had no criminal implications, defendant has initiated investigation requests with *various state and federal law enforcement agencies.* He has then reported the fact of these investigations to the press with a view of damaging plaintiff's reputation. He has done this while playing up his 'years of law enforcement experience'—particularly as an FBI agent. He allegedly has close contacts in federal and state investigative departments not only by virtue of his prior association with the FBI but also by virtue of his financial interest in Southern Research Company, Inc., an investigative firm . . . ." (Emphasis supplied)

■ Defendant argues that the above-quoted allegations from the petition show that Dozier seeks to recover not only for libel under Article 2315 of the Louisiana Civil Code but also because of wrongful prosecution by federal authorities based upon information furnished to them by Weaver. Dozier asserts that, as yet, there has been no prosecution, state or federal, and that none is anticipated. Furthermore, he states that the allegations of his petition show that he is suing simply for libel and slander under state law. Weaver then argues that plaintiff is attempting to impose civil liability for communication with federal authorities[1] and that imposition of any

such liability would directly affect federal interests and require the application of a uniform federal law, thus mandating federal question jurisdiction. The federal interests claimed to be involved are the interest of federal law enforcement officers in a free and unfettered flow of information from the citizenry and the constitutionally protected interest of citizens in freedom to communicate charges of unlawful conduct to federal agencies.

There are some instances where "federal common law" has been applied under circumstances where there was no adequate state law and the courts concluded that paramount federal interests had to be protected. In *Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), the Supreme Court pointed out that in order for there to be federal question jurisdiction a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's claim. Moreover, that right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Finally, the controversy must be disclosed upon the face of the complaint, unaided by any answer or by the petition of removal.

Thus, the courts have held that federal jurisdiction existed where a defendant was a federally created corporation, *Monsanto Company v. Tennessee Valley Authority,* 448 F.Supp. 648 (N.D.Ala.1978). However, there was no federal jurisdiction where a taxpayer might be entitled to claim a federal constitutional exemption in defense of a suit to collect a state tax, *State of Tennessee v. Union & Planters' Bank, supra.* Where a suit was brought by a seller of natural gas to obtain full compensation, there was no federal question despite the existence of the Federal Natural Gas Act,

---

1. In brief, counsel for Weaver repeatedly refers to communication with the FBI, although no allegation of Dozier's petition does so, and it is by no means certain that that agency is in any way involved in this dispute. For purposes of this decision, however, the Court will assume that the United States Attorney, assisted by the FBI, is conducting a federal grand jury investigation triggered, to some extent, by Weaver's statements concerning Dozier's conduct.

*Phillips Petroleum Company v. Texaco, Inc.,* 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974). Where a purchaser of natural gas brought suit to compel its delivery, the action was remanded to state court despite the existence of the Natural Gas Act and a national energy shortage. *City of New Orleans, St. of La. v. United Gas P. L. Co.,* 390 F.Supp. 861 (E.D.La.1974).

The defendant here cites and relies upon *Nationwide Charters and Conventions, Inc. v. Garber,* 254 F.Supp. 85 (D.C.Mass.1966), as authority for invoking federal question jurisdiction and applying federal common law to resolution of this dispute. That case involved claims asserted under state law of "abuse of process, interference with contract and slander" arising out of an action brought by Northeast Airlines in federal district court against the state court plaintiffs under the Federal Aviation Act. The state action did not join Northeast but it alleged that the state court defendants had advised, encouraged, induced and caused Northeast to bring and prosecute the federal action. The federal district court noted that the original action had not yet been concluded in federal court:

> " . . . After two appeals, that judgment is not yet entirely settled; and also still pending in that action are counterclaims by all defendants charging Northeast with abuse of process, interference with contractual relations and antitrust violations." (254 F.Supp. at 86)

Moreover, the district court further commented that the counterclaims against Northeast were based on the same conduct and put at issue the same facts as did the state court suit, and stated:

> "The federal interest which is, here, involved is the essential concern of the federal courts with the integrity of their process, and there is no question that they have broad inherent powers to prevent and redress the abuse of that process. . . ." (254 F.Supp. at 87)

The Court concluded that because of the federal interest in the subject matter of the cause of action that the state court action was properly removed and that it must be determined according to federal law.

Pretermitting any discussion of the reasoning of the *Nationwide Charters* case, it is, in any event, not similar to the situation before us. Whether we call Dozier's claims against Weaver "libel," "abuse of process," or "malicious prosecution," they arise under Louisiana law. Without detailing the allegations of plaintiff's six-page petition, suffice it to say that Dozier alleges a deliberate scheme by Weaver to discredit Dozier, personally and politically; many instances of knowing false statements publicly issued by Weaver about Dozier; and wide publication of those statements. Weaver insists that Dozier is suing him for "communicating with the FBI"; a fair reading of plaintiff's petition, however, is that Dozier claims that Weaver has deliberately, knowingly and maliciously told lies about him in public and that one of the results of those public statements has been "state and federal investigations" of Dozier. There is no pending federal action between these parties; there are no pending federal claims based upon the same conduct and involving the same factual issues; the original petition asserts no claim under any federal law and no right or immunity created by the Constitution and laws of the United States is an essential element of any claim *made by plaintiff*; no federal officer or employee or federally created corporation is a party to this action. The sole federal involvement is that a federal grand jury, as well as state law enforcement officers, may be investigating Dozier, at least in part because of Weaver's statements, encouragement and conduct.

The Supreme Court in *Wallis v. Pan American Petroleum Company,* 384 U.S. 63, 86 S.Ct. 1301, 16 L.Ed.2d 369 (1966), noted that "[w]hether latent federal power should be exercised to displace state law is primarily a decision for Congress." (86 S.Ct. at 1304) Congress has not seen fit to adopt any federal law providing for federal question jurisdiction and the application of federal common law to a libel action between two citizens of the same state. Torts of this nature have historically been governed by

**42**

the laws of the states themselves, and this Court has no intention of appropriating that legislative function.

While there is a federal interest in the free flow of information to federal law enforcement agencies and certainly citizens have federal First Amendment rights protected by the Constitution, Congress has not seen fit to immunize them from civil liability for false statements publicly uttered about others, and no specific hindrance or interference with that flow of information or free expression by citizens is here alleged or shown. Every dispute does not assume the characteristics of a federal case. Counsel has made an ingenuous and interesting argument, but the tenuous federal involvement demonstrated here falls short of establishing jurisdiction.

Accordingly, for the reasons stated above, the motion to remand is GRANTED and this action is hereby REMANDED to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.