**Mary McCASTLE et al.**

v.

**ROLLINS ENVIRONMENTAL SERVICES et al.**

**Civ. A. No. 81–185–A.**

United States District Court,
M. D. Louisiana.

May 13, 1981.
Ruling on Motion for Reconsideration
June 5, 1981.

Stephen Irving, Dennis R. Whalen, Baton Rouge, La., for plaintiffs.

Wallace A. Hunter and Sera H. Russell, III, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the Court on a motion to remand to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, where the action was originally filed. The issues presented regarding federal removal jurisdiction are, so far as we are able to determine, *res nova* in the Fifth Circuit.

## Factual Situation

Plaintiffs brought this action in state court against defendant Rollins on behalf of themselves and as representatives of a class allegedly numbering some 4,000. Plaintiffs and the class are all alleged to be residents of the Parish of East Baton Rouge, Louisiana, in "an area adjacent to and in close proximity [to] a hazardous waste disposal facility being operated by defendant." Defendant's hazardous waste disposal facility is alleged to consist of "incinerators, ponds, pits, and landfarming." The petition alleges that on numerous occasions in 1980 and 1981 Rollins "has released into the atmosphere stinking, obnoxious, nauseating, repugnant, burning chemical fumes and odors which have been carried by the wind to the residences of plaintiffs causing plaintiffs to become ill, uncomfortable and miserable with burning eyes, sore throats and upset stomachs." The petition further alleges that the facility is "both a nuisance at law and a nuisance in fact." Plaintiffs pray for money damages and for injunctive relief, including closure of the facility. The state court issued an order temporarily restraining Rollins "from releasing chemical fumes or odors into the atmosphere which cause plaintiffs to become ill, uncomfortable and miserable." Defendant timely removed the action to this Court upon the asserted authority of 28 U.S.C. § 1441(b), federal question jurisdiction. This Court has, on motion of plaintiffs, extended the temporary restraining order from time to time and plaintiffs have filed a motion to remand.

## The Issues

Defendant's claimed bases for removal are: First, that the action is brought under the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901 *et seq.*, and thus is founded upon a claim "arising under the Constitution, treaties or laws of the United States." Defendant also argues that the jurisprudence indicates that there is an overriding federal interest in the quality of the ambient air which requires the application of a uniform body of federal "common law" throughout the nation. Thus, defendant argues that the matter falls within 28 U.S.C. § 1441(b).

Plaintiffs argue that their grievances involve purely local incidents of limited, though powerful, air pollution involving only Louisiana law and affecting only a small area of East Baton Rouge Parish, Louisiana, and further that their action has no relationship to any federal law, common or otherwise.

### I.

The statutory right of a defendant in a state court proceeding to remove the action to federal court under 28 U.S.C. § 1441(b) is coextensive with the grant of federal jurisdiction under 28 U.S.C. § 1331(a). *State of Tennessee v. Union & Planter's Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In other words, the action is properly removable if it could have been brought in federal district court, in the first place. *State of Tennessee v. Union & Planter's Bank, supra; Gully v. First National Bank in Meridian, supra.* The jurisprudence is long and uniform to the effect that in order to determine whether an action "arises under" federal law the Court must look exclusively to the allegations of the petition. *State of Tennessee v. Union & Planter's Bank, supra; Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Dozier v. Weaver*, 481 F.Supp. 38 (M.D.La.1979). The Court is not bound by plaintiffs' language, however, and it must look to the substance of the pleading, not the labels used by plaintiffs. *In Re Carter*, 618 F.2d 1093 (5th Cir. 1980). The allegations of this petition have been summarized above.

## II.

Rollins argues that even though plaintiffs may not have intended to do so, they have alleged a cause of action under the Resource Conservation and Recovery Act of 1976. That statute establishes a system of permits and regulations of "hazardous waste" and "solid waste management" facilities, including "performance standards ... necessary to protect human health and environment." 42 U.S.C. § 6924. Civil and criminal penalties are prescribed for violations of the Act, permits and regulations, 42 U.S.C. § 6928, and the Act authorizes "citizen suits." 42 U.S.C. § 6972(a) authorizes "any person" to institute an action against any person "who is alleged to be in violation of any permit, standard, regulation, condition, requirement or order."

Rollins argues that, although plaintiffs do not so allege, defendant is subject to federal permits for its Baton Rouge facility and that the "stinking, obnoxious, nauseating, repugnant, burning chemical fumes and odors" which are described by plaintiffs would violate federal standards. Hence, Rollins argues that the action "arises under" federal law, specifically 42 U.S.C. § 6972(a).

Section 6972(c), as amended in 1978, provides, however, that no action may be commenced under the Act until after plaintiff has given notice to the administrator of the Environmental Protection Agency. Notice of this sort has been held to be jurisdictional and no action may be instituted in its absence. See *National Sea Clammers Association v. City of New York*, 616 F.2d 1222 (3rd Cir. 1980), *cert. granted*, —— U.S. ——, 101 S.Ct. 314, 66 L.Ed.2d 145 (1981), dealing with a similar notice provision under the Federal Water Pollution Control Act.

It is undisputed that plaintiffs have given no notice of this action and none is alleged in the petition. Under these circumstances, it is clear that plaintiffs have not brought and could not have brought this action under 42 U.S.C. § 6972(a).

## III.

Although not cited by the parties, the Court has *sua sponte* examined the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, P.L. 96–510. The asserted purpose of that legislation is to provide for liability, compensation, cleanup and emergency response to hazardous substances released into the environment. Section 107 of the Act specifically imposes liability upon persons who own or operate any facility at which hazardous substances are disposed of where such substances are released and cause injury or damage. This Act became effective December 11, 1980, and although many of the incidents complained about by plaintiffs occurred prior to the effective date of the Act, some of them occurred as late as February 21, 1981. Thus, this Act could apply to the alleged incidents if plaintiffs' injuries were caused by release of "hazardous substances" as defined by Section 101(14) of the Act. As is the case with most federal legislation, Section 101(14) is an immensely complicated definition drawing in other federal statutes. Plaintiffs make no specific reference to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, nor do they make any specific reference to "hazardous substances" as defined by that Act. As noted above, the plaintiffs object to "stinking, obnoxious, nauseating, repugnant, burning chemical fumes and odors," none of which are specifically included within the definition of the Act. Suffice it to say that a fair reading of this petition does not indicate that it is brought under the liability provisions of Section 107 of this congressional enactment.

Section 114(a) of the Act provides:

"Nothing in this Act shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State."

Even more significant, however, is Section 302(d) of the Act which specifically provides:

"Nothing in this Act shall affect or modify in any way the obligations or liabilities of any person under other Federal or State law, including common law, with respect to releases of hazardous substances or other pollutants or contaminants...."

This petition is not brought under the provisions of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, particularly since recovery is limited under the statute and there is no authorization for injunctive relief, in favor of private parties.

## IV.

Lastly, defendant argues that plaintiffs' action is actually brought under federal "common law" and that the action thus "arises under" federal law.

In *Illinois v. Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972), the Supreme Court recognized the existence of a limited body of federal "common law." There, Illinois complained that the City of Milwaukee and others were polluting Lake Michigan by discharging sewage into its waters, thus creating a public nuisance. The Court declined to entertain the suit under its original jurisdiction, holding that the plaintiff had a claim under federal common law for abatement of a nuisance caused by pollution of interstate waters which could be asserted in a federal district court.

Rollins has cited *Illinois v. Milwaukee,* as well as an extension of that holding by the Seventh Circuit, *People of State of Illinois v. Outboard Marine Corp.*, 619 F.2d 623 (7th Cir. 1980), as indicating that uniform federal common law should govern intrastate air pollution as well as water pollution incidents. The *Outboard Marine* case involved pollution of a tributary of Lake Michigan, and the Seventh Circuit extended the application of federal common law to intrastate as well as interstate and navigable waters. Only interstate and navigable waters were mentioned by the Supreme Court in *Illinois v. Milwaukee,* but that did not deter the Seventh Circuit.

Rollins argues that air is much like water in that it is all around us and passes from state to state and that the same reasoning should apply to air pollution as to water pollution.

The Supreme Court has recently again considered the *Illinois v. Milwaukee* case. In *Milwaukee v. Illinois,* —— U.S. ——, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981), the Court considered the effect of the 1972 Amendments to the Federal Water Pollution Control Act. Those amendments enacted a new system of regulation under which it is illegal for anyone to discharge pollutants into any waters of the nation except pursuant to a permit. The lower courts had applied the 1972 amendments but granted relief in addition to that authorized by statute under federal common law principles. The Supreme Court noted that federal common law is a doctrine of very limited application and that generally the Congress, not the judiciary, decides whether to displace state law by enactment of a federal rule in an area of national concern. —— U.S. at ——, 101 S.Ct. at 1790. The Court held that the 1972 amendments completely superseded the federal common law and that Congress had enacted a complete and comprehensive system of regulation of water pollution. Under these circumstances, there was no room for the application of federal common law.

The Court also commented regarding the basis for its applying federal common law in the first case:

"... We were concerned in that case that Illinois did not have any forum in which to protect its interests unless federal common law were created." —— U.S. at ——, 101 S.Ct. at 1791.

These and other expressions of the Supreme Court indicate that federal common law is to be resorted to only in extraordinary circumstances, where otherwise there is no remedy for a wrong or where the national concern so obviously prevails over state interests that federal law must apply. *Wallis v. Pan American Petroleum Co.*, 384 U.S. 63, 86 S.Ct. 1301, 16 L.Ed.2d 369 (1966).

Louisiana has an existing comprehensive and sophisticated body of law relating to actions which result in injury or damage to one's neighbors. The Louisiana Civil Code provides a complete set of rules governing liability for actions between neighbors. Plaintiffs and defendant may obtain complete relief under state law in state court. There is thus a forum available for resolution of this dispute other than federal common law, applied by a federal district court.

As to overriding federal concern, the fact that the Comprehensive Environmental Response, Compensation and Liability Act of 1980 saves to plaintiffs their state law remedies for injury or damage caused by air pollution is an indication that the Congress has not concluded that there is an overriding federal concern in this area. There is no occasion to consider whether the Constitution grants to the Congress the authority to supersede state law in actions between private parties relating to discharges of substances into the ambient air in each and every part of the country, because it is quite apparent that the Congress has not attempted to do so. There is no allegation in this petition that this alleged discharge into the ambient air affected anyone other than persons residing in a small portion of the Parish of East Baton Rouge, Louisiana. No overriding federal concern has been established. The mere fact, if indeed it is a fact, that Rollins holds federal permits for the operation of its waste disposal facility does not indicate an overriding federal concern requiring the application of federal common law.

■ Under these circumstances, the Court concludes that this is not an extraordinary situation requiring the Court to apply federal common law, that there is no federal jurisdiction, and that this matter should be adjudicated in state court.

For the foregoing reasons, the motion to remand is hereby GRANTED and this matter is REMANDED to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.

## RULING ON MOTION FOR RECONSIDERATION

This matter is before the Court upon a motion to reconsider the Court's ruling of May 13, 1981, which ordered this action remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. No oral argument is required.

In its prior ruling the Court granted plaintiffs' motion to remand upon findings that "federal common law" present no basis for jurisdiction in this court and that the action was not instituted by plaintiffs under the provisions of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972. Subsection (a) of that section authorizes "any person" to institute an action against any person who is alleged to be in violation of any federally authorized "permit, standard, regulation, condition, requirement or order." Defendants do not reurge "federal common law" as the basis for jurisdiction but do ask reconsideration of the federal statute.

As noted above, subsection (a) does authorize suits by private litigants when violations of federal standards are alleged. Subsection (c), which prohibits the commencement of any action until sixty days after the plaintiff has given notice to "the Administrator" was amended in 1978 so as to eliminate the sixty-day notice requirement and to authorize suit "immediately after" notice where hazardous wastes are involved. Rollins claims that "hazardous wastes" as defined by the Act are involved here, although there are no allegations to that effect in the petition.

The Court's conclusion that the action is not brought under the Resource Conservation and Recovery Act was based, in part, upon the fact that plaintiffs have not alleged such notice. Rollins now argues that the Court should take a "pragmatic," rather than a restrictive approach to this issue and should take "judicial notice" that three days after the action was filed, the Louisiana Environmental Control Commission (which Rollins claims administers the federal act insofar as Rollins is concerned) received ac-

tual notice of this suit. Rollins argues that federal jurisdiction should not hang by such a slender procedural thread as "notice" and that the Court should accept jurisdiction, after satisfying itself that the proper parties have received actual notice.

■ The argument has two problems: First, the absence of notice was not the sole factor in determining that the action was not brought under the Resource Conservation and Recovery Act. For example, no violation of any federally authorized permit, standard, regulation, condition, requirement or order is alleged in the petition and the Court concluded that the action was brought under the provisions of Louisiana's Revised Civil Code. Second, in considering a motion to remand, the Court is confined to the allegations of plaintiffs' petition, and it can receive no evidence which would expand or modify that pleading. Defendant cannot convert an action into a removable one by presenting evidence. *Great Northern Railway Company v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Accordingly, the Court cannot receive evidence, and since judicial notice is a form of evidence, the Court cannot consider the claim of Rollins that the Louisiana Environmental Control Commission received "actual notice" three days after the suit was filed.

Nevertheless, Rollins contends that the Court should follow the "pragmatic approach" as exemplified in *Susquehanna Valley Alliance v. Three Mile Island*, 619 F.2d 231 (3rd Cir. 1980), *cert. den.*, —— U.S. ——, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981), and in *Friends of the Earth v. Carey*, 535 F.2d 165 (2d Cir. 1976), *cert. den.*, 434 U.S. 902, 98 S.Ct. 296, 54 L.Ed.2d 188 (1979).

In the first cited case, *Susquehanna*, plaintiff alleged violations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* Section 1365 of Title 33 is similar to the private action provisions of the Resource Conservation and Recovery Act in that it provides for filing of suit no sooner than sixty days after notice of an alleged violation has been given to "the administrator." That case did not involve a

motion to remand. The complaint alleged that the required notice had been mailed two days before the suit was commenced. The Court found that there was jurisdiction since the actual notice had been given prior to the filing of the suit and the mere fact that sixty days had not yet elapsed was not a sufficient reason to require dismissal and refiling of the suit. In other words, the Court looked at the matter as primarily a question of prematurity and a condition that would cure itself automatically by the lapse of time. That is not the situation before this Court. Since there was no allegation of notice, and since we are limited to the claims made in plaintiffs' petition, the matter cannot be cured simply by the passage of time.

The *Friends of the Earth* case was brought under the Clean Air Act Amendments, 42 U.S.C. § 1857 *et seq.*, which also has a similar sixty-day notice provision. In that case the argument was whether the notice given was adequate. There was no question as to whether notice had been given to both the state and the federal administrators, but the claim was that some other state agency should have been notified. The Court held that it would not be so strict in the notice requirement that each and every state agency that could possibly have some interest must be given a separate and individual notice.

These cases are in no way similar to the situation before this Court, and the Court cannot "pragmatically" or otherwise read into the state court petition allegations which are not therein contained.

Moreover, the Resource Conservation and Recovery Act has a "savings to suitors clause." Section 6972(f) of 42 U.S.C. provides as follows:

"Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or requirement relating to the management of solid waste or hazardous waste or to seek any other relief (including relief against the Administrator or a State agency)."

The above-quoted section preserves state law remedies to the plaintiffs. Where there is a choice between federal and state remedies, then plaintiffs' choice of forum should be recognized upon a motion to remand. *Sanchez v. Trustees of Pension Plan,* 419 F.Supp. 909 (M.D.La.1976).

Plaintiffs here have chosen to bring their action upon the provisions of Louisiana law, and this Court should consider them to be the masters of their own claims. Had plaintiffs brought this action initially in federal court in an attempt to assert a cause of action under the Resource Conservation and Recovery Act, then Rollins' arguments might be entitled to more consideration and the *Susquehanna* and *Friends of the Earth* cases might have some application. Under these circumstances, however, the Court reiterates its prior conclusion that this is a local action involving a local incident and that there is no jurisdiction in this Court.

For the foregoing reasons, the motion for reconsideration is hereby DENIED.