**GRANT COUNTY SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**ARKANSAS CUSTOM HOMES, INC., et al., Defendants.**

**No. PB–C–88–485.**

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Nov. 1, 1988.

David E. Smith, Benton, Ark., and Phillip H. Shirron, Sheridan, Ark., for plaintiff.

Ken Cook, Little Rock, Ark., for defendants.

## ORDER

ROY, District Judge.

Before the Court is the plaintiff's Motion to Remand this matter to state court. The defendant, Arkansas Custom Homes, Inc., has responded, and the matter is now ripe for determination.

This case was originally filed in Chancery Court of Grant County, Arkansas. In the original complaint and amended complaint, Grant County Savings & Loan Association sought judgment on certain promissory notes and that the judgments be declared to be liens on the pledged real property and also sought replevin of certain personal property.

In its answer and counterclaim, defendant Arkansas Custom Homes, Inc. alleges certain affirmative defenses, *inter alia*, that as to plaintiff's claim on the James Toney contract, plaintiff should be barred from recovery because the contract is usurious.

In the amended and substituted reply to the counterclaim, the plaintiff denies that the contracts are usurious. The plaintiff then sets out affirmative defenses stating that each of the loans referred to in Count I of the counterclaim is "governed by 12 U.S.C. § 1735f–7 note, and not by Arkansas law, and, therefore, is not usurious." Plaintiff further contends that Arkansas Custom Homes does not have standing to claim usury because it is not a consumer to whom the provisions of 12 C.F.R. § 590.4 apply. In its sixth affirmative defense, plaintiff contends that the parties mutually intended to make the contracts in question "federal preemption contracts."

In the motion to remand, plaintiff asserts that the matter should be remanded for the following reasons:

1. This Court does not have subject matter jurisdiction.

2. Complete diversity of citizenship of the parties is lacking.

3. No federal question is present.

4. The suit could not have been brought in federal district court originally and is, therefore, nonremovable to federal district court.

5. All defendants have not joined in the petition for removal.

In response to the motion, defendant Arkansas Custom Homes, Inc. concedes that plaintiff's complaint and amended complaint, as stated, do not present a federal question or any other basis for federal jurisdiction. Nor is it disputed that complete diversity is lacking. However, defendant contends that plaintiff must prove that it is entitled to federal preemption of the Arkansas usury ceiling in order to prove its case-in-chief on the James Toney contract. Defendant contends that plaintiff has failed to plead an essential element of its case as a means to avoid federal jurisdiction. Plaintiff also contends that even though all of the defendants in this matter have not joined in the petition for removal, the Arkansas Department of Labor and the Internal Revenue Service are nominal or formal parties and may be disregarded with regard to joining in or consenting to removal.

■ The right of removal is a congressionally imposed infringement on a state court's power to determine controversies, and, therefore, the removal statutes must be strictly construed. *Voors v. National Women's Health Organization, Inc.*, 611 F.Supp. 203, 205 (N.D.Ind.1985). Courts should resolve any doubt regarding jurisdiction in favor of state court jurisdiction. *Id.*

■ Under the language of 28 U.S.C. § 1441 and § 1446, referring to "defendant or defendants," the general rule requires all of the defendants to join in the removal petition. *Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546 (7th Cir. 1968); *Estate of Fitzpatrick v. Brehm*, 580 F.Supp. 731 (W.D.Ark.1984). However, one of the exceptions to the general rule is that nominal parties need not join in the petition. *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressman & Assist-*

*ants Local 349*, 427 F.2d 325 (5th Cir.1970). The verified petition for removal must state the facts entitling petitioner to remove and where the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why. *P.P. Farmers' Elevator Co., supra.*

■ The petition filed in the present case does not reveal the reasons for the nonjoinder of defendants Arkansas Department of Labor, Internal Revenue Service, T.J. Weather and Frances Sherman. It was held in *McMahan v. Fontenot*, 212 F.Supp. 812 (W.D.Ark.1963), that the petition for removal was fatally defective where one of the defendants was disregarded and no explanation was given for the nonjoinder. While defendant in the present case asserted in his brief in response to the motion to remand that the Arkansas Department of Labor and the Internal Revenue Service are nominal or formal parties who are not involved in the issues to be litigated between Arkansas Custom Homes, Inc. and plaintiff, no mention is made of this in the petition for removal. Furthermore, no reason is given by the defendants as to the nonjoinder of defendants T.J. Weather and Frances Sherman.[1]

■ There is another reason which weighs heavily in favor of remand. A federal court does not have original jurisdiction over a case in which the complaint presents a state law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim. *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). A right created by federal law must be an essential element of plaintiff's cause of action, and the centrality of this federal claim must appear on the face of the "well plead-

---

1. It is only in plaintiff's brief in support of his motion to remand that it is stated that T.J. Weather and Francis Sherman have defaulted.

Defendant's petition for removal makes no reference to these two defendants.

ed complaint," unaided by the answer or petition for removal. *First National Bank of Aberdeen v. Aberdeen National Bank*, 627 F.2d 843, 849 (8th Cir.1980).

The "artful pleading" doctrine, which is being argued by defendant, should be invoked only in limited and genuinely exceptional circumstances where it appears that the complaint is drafted not with an eye to vindication of plaintiff's substantive legal right, but with the cardinal objective of denying the defendant his right to a federal forum. *Stokes v. Bechtel North American Power Corp.*, 614 F.Supp. 732, 737 (N.D.Cal.1985). When state law creates the cause of action, original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of the state claim, or that the claim is really one of federal law. *Franchise Tax Board, supra.* Even then, the Court in *Franchise Tax Board* neither held nor implied that *every* state-created cause of action that requires the resolution of a substantial federal question falls within the jurisdiction of the federal courts. *Oliver v. Trunkline Gas Co.*, 796 F.2d 86 (5th Cir.1986). The question of whether a substantial, disputed question of federal law is a necessary element of the state claim is a close one in this case, and while it is true that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, it appears that the plaintiff's complaint in the present case is based upon its right, under state law, to foreclosure of the mortgages. In light of the strict construction that is given removal statutes, the Court is resolving the doubt regarding jurisdiction in favor of state court jurisdiction. This matter is hereby remanded to state court.