Jurldean WIELAND, et al., Plaintiffs,

v.

Theodora M. SAVETZ, et al.,
Defendants.

No. 89–1517C(6).

United States District Court,
E.D. Missouri, E.D.

April 3, 1990.

Dennis McCubbin, St. Louis, Mo., for plaintiffs Jurldean Wieland and Boatmen's Nat. Bank.

Mark Wenner, St. Louis, Mo., for defendants Theodora M. Savetz, et al.

Wesley Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., and Karen Osborne, Trial Atty., Tax Div., Office of Sp. Litigation, U.S. Dept. of Justice, Washington, D.C., for defendant Commissioner I.R.S.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiffs' motion to remand and the motion of defendant Commissioner of the Internal Revenue [Commissioner] to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim.

Plaintiffs originally filed this in St. Louis County Circuit seeking a declaration as to the proper construction of a testamentary trust. Specifically, plaintiffs seek a determination under Missouri law as to whether the trust instrument creates one trust or multiple trusts and whether the beneficiaries may invade the trust estates created by the instrument. Plaintiffs also ask the court to designate a trustee for two of the trusts. Plaintiffs assert that no determination of federal income tax liability is sought. However, plaintiffs joined the Commissioner as a party defendant in the state court action because Internal Revenue Service agents initially raised the controversy regarding interpretation of the instrument and on the basis of this interpretation disallowed a marital deduction with respect to the trust estate. Plaintiffs seek no affirmative relief from the Commissioner, rather plaintiffs joined the Commissioner as a defendant in order to assure a full exposition of the issues raised by the IRS.

The Commissioner removed the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. The notice of removal characterizes the action as a prayer for determination of federal estate tax liability over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1340.

Upon removal the Commissioner filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim. Defendant raises several arguments in this motion including the assertion that plaintiffs' suit against the Commissioner is barred by the doctrine of sovereign immunity. Thereafter, plaintiffs moved to remand this action to St. Louis County Circuit Court and requested an award of attorneys' fees.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant...." Thus, removal of the instant action is only proper if plaintiffs' complaint could have originally been brought in federal court. Inasmuch as the plaintiffs and some of the defendants are citizens of Missouri, the only possible basis for federal subject matter jurisdiction in this action is the presence of a federal question. *See* 28 U.S.C. § 1331.

■ Under the well-pleaded complaint rule, federal question jurisdiction will be found only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "A right created by federal law must be an essential element of plaintiff's cause of action and the centrality of this federal claim must appear on the face of the 'well pleaded' complaint *unaided by the answer or petition for removal.*" *Grant County Sav. & Loan v. Arkansas Custom Homes*, 698 F.Supp. 169, 171–72 (citing *First National Bank of Aberdeen v. Aberdeen National Bank*, 627 F.2d 843, 849 (8th Cir.1980)) (emphasis supplied).

■ Upon reviewing plaintiffs' complaint, the Court concludes that plaintiffs

seek a declaration of the proper construction of a testamentary trust under state law. Although this determination may have resulting tax implications, plaintiffs do not seek a determination of federal tax liability nor is such a determination necessary to the resolution of their state law cause of action. The mere fact that the Commissioner, a federal official, has been named as a defendant herein does not provide a basis for the exercise of federal question jurisdiction. *Cf. Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). Moreover, the possible existence of federal immunity defense "does not convert a suit otherwise arising under state law into one which in the statutory sense, arises under federal law." *Oklahoma Tax Com'n v. Graham*, —— U.S. ——, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924 (1989) (citing *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

On the basis of the foregoing, the Court concludes that plaintiffs' motion to remand should be granted. The Commissioner's motion to dismiss will therefore be denied as moot for purposes of the federal court action. Defendant may, of course, raise them again in the context of the state court action.

### ORDER

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED that plaintiffs' motion to remand shall be and it is granted. Accordingly,

IT IS FURTHER ORDERED that defendant's motion to dismiss shall be and it is denied as moot.

IT IS FURTHER ORDERED that defendant shall pay costs and actual expenses, including attorney fees, incurred as a result of the improvident removal of this action. *See* 28 U.S.C. § 1447(c).