778 F.Supp. 464 (1991)
COALITION FOR SAFE TRANSIT, INC., et al., Plaintiffs,
v.
BI-STATE DEVELOPMENT AGENCY, et al., Defendants.
No. 91-2241C(6).
United States District Court, E.D. Missouri, E.D.
November 25, 1991.
*465 John M. Hessel, Joseph E. Martineau, Lewis Rice & Fingersh, St. Louis, Mo., for plaintiffs.
Terrance J. Good, Lashly & Baer, St. Louis, Mo., for Bi-State.
Stephen B. Sutton, Gage & Tucker, Kansas City, Mo., for Morrison-Knudsen and Fritz.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on plaintiffs' motion to remand.
On September 25, 1991, plaintiffs, Coalition for Safe Transit, Inc., James J. Eagan, William D. Tharp and Kaye Steinmetz, filed this declaratory judgment action in the Circuit Court for the City of St. Louis, State of Missouri, against defendants Bi-State Development Agency (Bi-State), Morrison-Knudsen, Inc. (M-K) and Fritz, Inc. (Fritz) challenging Bi-State's award of a contract for the signal and trains control system for the St. Louis Rail System, commonly known as Metro Link, to a joint venture comprised of M-K and Fritz. Plaintiff Coalition is a not-for-profit corporation organized and existing pursuant to Missouri law. The incorporators, directors and officers *466 of the Coalition are residents of St. Louis County who regularly pay city, county, state and federal taxes. Plaintiffs Eagan, Tharp and Steinmetz also are taxpayers who regularly pay taxes levied by the aforementioned entities. Plaintiffs seek a declaration that the award of the contract to the M-K/Fritz joint venture was improper because that entity was not the lowest responsive and qualified bidder as required by section 1.14 of the Invitation to Bidders issued by Bi-State in connection with the award of the contract. The Urban Mass Transportation Administration, Department of Transportation (UMTA) Guidelines, UMTA Circular C4220.1(b), provide that the successful bidder must be the lowest "responsive and responsible qualified bidder." This requirement is incorporated in § 1.14 of the Invitation to Bidders issued by Bi-State in connection with the award of the contract. Therefore, the gravamen of plaintiffs' complaint is Bi-State's alleged failure to comply with the UMTA guidelines when awarding the contract to the M-K/Fritz joint venture.
On November 1, 1991, M-K filed a notice of removal in this Court contending that plaintiffs' claims arise under federal law because the Metro Link project is federally funded and the bid-letting process was subject to UMTA guidelines. On November 7, 1991 plaintiffs moved to remand this action to the circuit court asserting that the petition fails to present a substantial question of federal law. Specifically, plaintiffs assert that federal funding of the Metro Link project and the application of the UMTA guidelines are insufficient to create federal question jurisdiction. In addition, plaintiffs contend that the mere fact that federal law may control some elements of a state law claim is insufficient to convert such a claim to a federal cause of action. On November 14, 1991 defendants filed a memorandum in opposition to plaintiffs' motion to remand in which they assert that the resolution of this matter depends upon an interpretation of federal law, namely, the UMTA guidelines. In addition, defendants refer the Court to a nearly identical action pending before the Honorable Jean Hamilton, United States District Judge. In that action, entitled Union Switch and Signal, Inc. v. Bi-State Development Agency, et al., Cause No. 91-1401C(7), Union Switch and Signal, Inc., an unsuccessful bidder for a portion of the Metro Link project, seeks a declaration that Bi-State awarded the contract to the M-K/Knight joint venture in violation of § 1.14 of the Invitation to Bidders and the UMTA guidelines.
Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant...." Thus, removal of the instant action is proper only if plaintiffs' complaint could have originally been brought in federal court. Inasmuch as the plaintiffs and defendants are citizens of Missouri, the only possible basis for federal subject matter jurisdiction in this action is the presence of a federal question. See 28 U.S.C. § 1331.
Under the well-pleaded complaint rule, federal question jurisdiction will be found only when a federal question is presented on the face of plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429-30, 96 L.Ed.2d 318 (1987). "A right created by federal law must be an essential element of plaintiff's cause of action and the centrality of this federal claim must appear on the face of the `well pleaded' complaint unaided by the answer or petition for removal." Grant Co. Sav. & Loan v. Arkansas Custom Homes, 698 F.Supp. 169, 171-72 (E.D.Ark.1988) (citing First Nat'l Bank v. Aberdeen Nat'l Bank, 627 F.2d 843, 849 (8th Cir.1980)) (emphasis supplied). Analysis of a declaratory judgment complaint to determine whether such a complaint "arises under" federal law requires a modified application of the well-pleaded complaint rule. In such a situation the court is directed to look beyond the allegations of the complaint and to identify the substantive theories upon which plaintiff's complaint is based. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 19, 103 S.Ct. 2841, 2851, 77 L.Ed.2d 420 (1983). Identification of the substantive theories underlying *467 plaintiffs' claim for relief enables the court to determine whether the suit necessarily would present a federal question if initiated as a coercive action by the declaratory judgment plaintiff or defendant. See Id.
Plaintiffs correctly assert that "[t]he mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction." J.A. Jones Const. Co. v. City of New York, 753 F.Supp. 497, 501 (S.D.N.Y.1990) (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986); Gully v. First Nat'l Bank, 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936)). However, if the substantive theory underlying plaintiffs' request for declaratory relief arises under federal law, plaintiffs' complaint necessarily presents a basis for the exercise of federal question jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. at 808, 106 S.Ct. at 3229, 92 L.Ed.2d 650. Applying the aforementioned analysis to plaintiffs' declaratory judgment complaint, the Court concludes that the substantive theory underlying plaintiffs' claim for relief arises under federal law. The Court's determination in this regard turns upon two issues previously decided by Judge Hamilton in the context of the Union Switch litigation.
The first such issue concerns the proper characterization of Bi-State for purposes of this litigation. Bi-State is a public agency established by an interstate compact approved by the legislatures of Missouri and Illinois and by the Congress of the United States as required by article I, section 10 of the Constitution. In resolving the question of Union Switch's standing to challenge Bi-State's award of the contract, Judge Hamilton ruled that "[t]he degree of federal interest and participation in the Metro Link project" warranted a conclusion that Bi-State is a "quasi-federal agency." See Union Switch & Signal, Inc. v. Bi-State, et al., No. 91-1401C(7) at 7 (E.D.Mo. Oct. 23, 1991) (order granting in part and denying in part motion to dismiss) (hereinafter Union Switch Memorandum). Judge Hamilton limited her determination to the Metro Link project, the parties involved, and to the facts of her case. Because this suit also involves the Metro Link project, the same defendants and the identical factual scenario, the Court concludes that Bi-State must be considered a quasi-federal agency for purposes of this suit as well.
In Union Switch Judge Hamilton also ruled that Congress, in enacting the compact, intended to create a private cause of action for parties aggrieved by the actions of a quasi-federal agency such as Bi-State and that § 702 of the federal Administrative Procedure Act (APA), 5 U.S.C. § 701 (1977) provides the vehicle for such recovery. See Union Switch Memorandum at 8-9. (citations omitted).
In this suit, as in the Union Switch matter, plaintiffs allege that they have suffered injury as a result of Bi-State's award of the contract to the M-K/Fritz joint venture. Although plaintiffs make reference to a state cause of action and rely upon cases involving state claims for breach of contract, the Court's review of the complaint persuades it that these references are inapposite. Plaintiffs do not allege that they entered into a contract with the defendants nor have they identified any state law cause of action which would entitle them to the declaratory relief they seek. Therefore, in the absence of contractual rights, any claim for relief which plaintiffs may have must find its basis in the implied federal cause of action provided under § 702 of the APA and recognized by Judge Hamilton in the context of the Union Switch litigation.
Plaintiffs' reliance on the proposition that the "incorporation of federal standards into a contract [does not] necessarily create federal jurisdiction in a contract action based on an alleged breach of those standards" is unavailing because this proposition presumes the existence of a contractual right to recovery. See J.A. Jones Const. Co. v. City of New York, 753 F.Supp. at 501. (citations omitted) (emphasis supplied). Plaintiffs' attempt to base their claim for relief on the conditions set forth in the Invitation to Bidders issued by *468 Bi-State is similarly unavailing because plaintiffs do not allege that they placed bids on the project or took any action which would make them parties to or give them rights arising from the "Invitation to Bidders."
On the basis of the foregoing, the Court concludes that plaintiffs' claim for relief arises, if at all, as an implied federal cause of action available to persons aggrieved by the actions of a quasi-federal agency. See 5 U.S.C. § 702 (1977); Seal and Co., Inc. v. Washington Metro. Area Transit Auth., 768 F.Supp. 1150, 1153 (E.D.Va.1991). Inasmuch as such a claim clearly arises under the laws of the United States, the Court concludes that plaintiffs' motion to remand should be denied.